FILED

98 JUN 23 PM 2:00

U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

TYRONE ANTONIO JONES,           }
                                }
     Plaintiff,                 }
                                }   CIVIL ACTION NO.
vs.                             }
                                }   CV-98-AR-0668-S
CITY FINANCE COMPANY OF         }
ALABAMA,                        }
                                }
     Defendant.                 }

ENTERED
JUN 23 1998

### MEMORANDUM OPINION

The above-entitled action is now before the court on defendant's motion to dismiss. Said motion appeared as an affirmative defense in the answer defendant filed on May 14, 1998. The court entertained said motion at its June 12, 1998, motion docket.

In his complaint, plaintiff alleges that "Defendant's discrimination and retaliation made Plaintiff's work environment so intolerable that he was forced to tender his resignation." Compl. ¶ 33. According to defendant, this allegation is insufficient to support such a constructive discharge claim. More specifically, defendant contends that, because the only "discrimination or retaliation" alleged in the complaint are a failure to promote and a denial of training, plaintiff's constructive discharge claim is due to be dismissed as a matter of law. As support for this argument, defendant cites *Wardwell v.*

6

*Sch. Bd. of Palm Beach County*, 786 F.2d 1554 (11th Cir. 1987) (concluding that failure to promote and increased workload are not sufficient to support finding of constructive discharge) and *Morrison v. Genuine Parts Co.*, 828 F.2d 708, 710 n.1 (11th. Cir. 1987) (same), a case familiar to this court. After due consideration, the court concludes that defendant's argument is well taken.

This conclusion remains unchanged even if one considers the fact that the complaint refers to discrimination and retaliation beyond a failure to promote and a denial of training. Although plaintiff alleges that he experienced, *inter alia*, disparate treatment in discipline and a racially hostile work environment, he makes no factual allegations whatsoever to support any of these additional claims. Consequently, this court is under no obligation to consider plaintiff's conclusory allegations surrounding these additional claims in evaluating the factual underpinnings of his constructive discharge claim, just as defendant suggests. In this circuit, it is well settled that "[c]onclusory allegations will not survive a motion to dismiss if not supported by facts constituting a legitimate claim for relief . . . ." *Mun. Util. Bd. v. Alabama Power Co.*, 925 F.2d 1386, 1390 (11th Cir. 1991) (internal quotations omitted); *see also* 2 *Moore's Fed. Prac.* § 12.34[1][b] (3d ed.) (noting that "'conclusory

allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss'").

The court is equally unpersuaded by plaintiff's contention that dismissal of his constructive discharge claim is inappropriate at this time because, given the embryonic character of this proceeding, he has not had a sufficient opportunity to discover facts to support that claim. Indeed, where, as here, one alleges that his employer made his working conditions "so intolerable," the court fails to understand how protracted discovery will better enable him to recall the alleged misconduct, unless, of course, that misconduct caused him to contract amnesia. As the record does not reflect that plaintiff's memory is impaired in any way, the mere fact that this proceeding is still in its initial stages does nothing to preclude dismissal of his constructive discharge claim.

The court will enter a separate and appropriate order reflecting the conclusions reached herein.

DONE this 23rd day of June, 1998.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE